LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

LOCKE LORD LLP
Thomas J. Cunningham (SBN 263729)
tcunningham@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 687-6738
Fax: (213) 485-1200

Attorneys for Defendant
AmeriHome Mortgage Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANDRA E. LISH,

Plaintiff,

vs.

AMERIHOME MORTGAGE COMPANY, LLC,

Defendant.

CASE NO.: 2:20-cv-07147-JFW-JPR

**AMERIHOME MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: November 16, 2020
Time: 1:30 p.m.
Place: Courtroom 7A
Hon. John F. Walter

Complaint Filed: August 9, 2020

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendant AmeriHome Mortgage Company, LLC (hereinafter "AmeriHome") will bring for hearing, in the United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7A, its motion to dismiss the First Amended Complaint filed by plaintiff Sandra E. Lish ("Plaintiff"). AmeriHome seeks dismissal of the First Amended Complaint and each of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim upon which relief can be granted.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 7, 2020.

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated: October 13, 2020

Respectfully submitted,

LOCKE LORD LLP

By: /s/ *Regina J. McClendon*
Regina J. McClendon
Thomas J. Cunningham
Attorneys for Defendant AmeriHome Mortgage Company, LLC

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 2

III. LEGAL ARGUMENT .......... 2

A. Plaintiff's claims for violation of California statutes must fail because she is not a resident of California. .......... 3

B. Plaintiff has not stated a claim under the Rosenthal Act. .......... 5

C. Plaintiff's Unfair Competition Law claim fails. .......... 8

D. Plaintiff fails to state a cause of action for a violation under the FCCPA. .......... 9

E. Plaintiff fails to state a cause of action for a violation under FDUTPA. .......... 12

F. Plaintiff fails to state a cause of action for breach of contract .......... 14

IV. CONCLUSION .......... 18

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 2, 3, 4

*Meintzinger v. Sortis Holdings, Inc.*, Case No. 18-cv-2042 (BMC), 2019 WL 1471338 ........ 8, 17

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th (1999) 222 ,214 ........ 3, 4

*Pareto v. F.D.I.C.*, 139F.3d 696(9th Cir. (1998 ........ 2

*Alperin v. Vatican Bank*, 410F.3d 532 ........ 2

*Baptista v. JPMorgan Chase Bank, N.A.* (11th Cir. 2011) 640 F.3d 1194 ........ 14

*Bardak v. Ocwen Loan Servicing, LLC*, 8:19-CV-1111-24TGW, 2020 WL 5104523 (M.D. Fla. Aug. 12, 2020) ........ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........ 2, 3, 4

*Benjamin v. CitiMortgage, Inc.*, Case No. 1262291––CIV, 2013 WL 1891284, *5 (S.D. Fla. May 6, 2013) ........ 13

*Booze v. Ocwen Loan Servicing, LLC*, No. 9:20-CV-80135-DMM (S.D. Fla. Mar. 2, 2020) ........ 10

*Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355 (M.D. Fla. 2007) ........ 15

*Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892 (11th Cir. 1997) ........ 11

*Estate of Campbell v. Ocwen Loan Servicing, LLC*, 20-CV-80057, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020) ........ 11

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

*Clark v. Bonded Adjustment, Co.*,
176 F. Supp. 2d 1062 (E.D. Wash. 2001)........................................................................6

*Davidson v. Seterus, Inc.*
(2018) 21 Cal.App.5th 283 ..........................................................................................5

*Durell v. Sharp Healthcare*,
183 Cal.App.4th 1350 (2010) .......................................................................................8

*Emergency Assocs. of Tampa, P.A. v. Sassano*,
664 So.2d 1000 (Fla. 2d DCA 1995)...........................................................................15

*Flores v. Collection Consultants of Calif.*,
2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) .........................................................7, 8

*Fox v. Ocwen Loan Servicing, LLC*,
No. 9:20-CV-80060-RLR (S.D. Fla. Mar. 2, 2020) ...................................................10

*Fusco v. Ocwen Loan Servicing, LLC*,
No. 9:20-CV-80090, 2020 WL 2519978, 2020 U.S. Dist. LEXIS 38606 (S.D. Fla. Mar. 2, 2020)......................................................................................10

*Glover v. Ocwen Loan Servicing, LLC*,
No. 9:20-CV-80053-DMM, 2020 U.S. Dist. LEXIS 38701 (S.D. Fla. Mar. 2, 2020) .......................................................................................................10

*Gulf Cities Gas Corporation v. Tangelo Park Service Company*,
253 So.2d 744 (Fla. 4th DCA 1971)............................................................................15

*Helman v. Bank of Am.*,
685 F. App'x 723 (11th Cir. 2017)..............................................................................11

*Hunt v. Check Recovery Sys., Inc.*,
478 F. Supp. 2d 1157 (N.D. Cal. 2007).........................................................................6

*Kelly v. Ocwen Loan Servicing, LLC*,
3:20-CV-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020) ....................10

*Krantz v. BT Visual Images, L.L.C.*,
89 Cal.App.4th 164 (2001) ............................................................................................8

*Lang v. Ocwen Loan Servicing*,
3:20-CV-81-J-20MCR, 2020 WL 5104522 (M.D. Fla. July 17, 2020) .................10

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

*Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527 (11th Cir. 1994) .......... 15

*Lindblom v. Santander Consumer USA, Inc.*, 2016 WL 2841495 (E.D. Cal. May 9, 2016) .......... 7

*McWhorter v. Ocwen Loan Servicing, LLC*, Case No. 2:15-cv-01831-MHH, 2017 WL 3315375 (N.D. Al. Aug. 8, 2017) .......... 7

*Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995) .......... 6

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009) .......... 9

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .......... 4

*Pol v. Pol*, 705 So.2d 51 (Fla. 3d DCA 1997) .......... 15

*Riding v. CACH LLC*, 992 F. Supp. 2d 987 (C.D. Cal. 2014) .......... 5

*Samuels v. King Motor Co. of Fort Lauderdale*, 782So.2d 489 (Fla. 4th DCA 2001) .......... 12

*Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330 (S.D. FL. Jan. 13, 2011) .......... 15

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) .......... 3

*State Office of Att'y Gen. v. Shapiro v. Fishman, LLP*, 59 So. 3d 353 (Fla. 4th DCA 2011) .......... 13

*Torliatt v. Ocwen Loan Servicing, LLC*, 19-CV-04303-WHO, 2020 WL 1904596 (N.D. Cal. Apr. 17, 2020) .......... 16

*Turner v. PHH Mortgage Corp.*, 8:20-CV-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020) .......... 11, 12

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) .......... 15

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

*In re Verifone Secs. Litig.*,
11F.3d 865(9th Cir. (1993 .......... 2

*Waddell v. U.S. Bank Nat'l Ass'n*,
395 F. Supp. 3d 676 (E.D.N.C. 2019) .......... 14, 17

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981) .......... 2

**Statutes**

15 U.S.C. § 1692(f) .......... 5

15 U.S.C. § 1692f(1) .......... 5, 6

Fla. Stat. § 501.204(1) .......... 12

Business and Professions Code §17200 .......... 8

California Rosenthal Fair Debt Collection Practices Act .......... *passim*

California's Unfair Competition Law .......... 3, 5, 8, 9

FDCPA .......... *passim*

Fla. Stat. § 501.203(3)(c) .......... 13

Fla. Stat. §559.55(6) .......... 10

Fla. Stat. § 559.55(7) .......... 10

Fla. Stat. § 559.72(9) .......... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......... 3

Fed. R. Civ. P. 12(b)(6) .......... 3

Local Rule 7-3 .......... 1

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

**MEMORANDUM OF POINTS & AUTHORITIES**

## I. INTRODUCTION

Plaintiff Sandra E. Lish ("Plaintiff") previously filed a complaint alleging that AmeriHome Mortgage Company, LLC ("AmeriHome") improperly charged a convenience fee in connection with a mortgage payment she made by telephone. Prior to filing a motion to dismiss Plaintiff's complaint, the undersigned conferred with Plaintiff's counsel pursuant Local Rule 7-3. The undersigned notified Plaintiff's counsel that, among other grounds, AmeriHome would be moving to dismiss because the Plaintiff, a Florida resident, is not entitled to protection under California's consumer protection statutes.

As indicated in the Joint Statement Following Pre-Filing Conference under Local Rule 7-3 (Doc. 9), Plaintiff's counsel refused to amend the Complaint after being presented with AmeriHome's arguments for dismissal. In an apparent change of positon, rather than respond to AmeriHome's arguments raised in the subsequently filed motion to dismiss, Plaintiff filed a First Amended Complaint that adds a few new allegations regarding AmeriHome. But none of these allegations cure the defects in the original complaint with regard to Plaintiff's standing to assert California claims. There are still no facts alleged that Plaintiff, a Florida resident claiming a fee was charged in relation to her mortgage on her Florida home, suffered any injury in the State of California.

Despite AmeriHome's efforts to avoid unnecessary motion practice, AmeriHome now is forced to file another motion to dismiss.

As discussed in further detail below, the First Amended Complaint fails to sufficiently state a claim against AmeriHome. In short, the voluntary payment of a convenience fee by Plaintiff to AmeriHome to utilize an optional service purely for her own benefit does not violate any federal or state laws. Plaintiff was provided an optional service to make an immediate payment by telephone in order to avoid

incurring late fees well in excess of the $2.00 fee requested by AmeriHome to utilize the service. Any amendments to Plaintiff's Complaint fail to rectify the issues previously raised in AmeriHome's initial motion to dismiss.

Accordingly, AmeriHome respectfully requests that the Court grant its motion to dismiss the First Amended Complaint in its entirety.

## II. STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiff's allegations, AmeriHome sets forth the facts pertinent to this motion.

Plaintiff claims that AmeriHome charged her a $2.00 convenience fee each time she chose to make a mortgage payment by telephone. Dkt. 1 at ¶ 53. Plaintiff claims AmeriHome knowingly and deliberately charges the convenience fee even though it is aware that such a fee is not authorized under the subject Mortgage. *Id.* at ¶ 55.

## III. LEGAL ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

550 U.S. 544, 570 (2007)). Thus, in resolving a Rule 12(b)(6) motion to dismiss, a court engages in a two-prong inquiry.

First, a court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted). Nor need a court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Second, the court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

**A. Plaintiff's claims for violation of California statutes must fail because she is not a resident of California.**

Plaintiff's first and second causes of action are brought under the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") and California's Unfair Competition Law (the "UCL"). However, Plaintiff is not a resident of California and the subject mortgage is for a property located in Miami, Florida. Am. Compl., ¶ 12.

The Rosenthal Act and the UCL are California statutes that regulate harm suffered by California residents, or harm to non-residents that occurred in California. They were neither designed nor intended to provide relief to non-California residents allegedly harmed by conduct occurring entirely outside of California. *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999)("We ordinarily

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

presume the Legislature did not intend the statutes of this state to have force or operation beyond the boundaries of the state").

In order for a non-resident to invoke a California statute, he or she must allege that there is a "significant contact or significant aggregation of contacts" linking its injuries or the defendant's alleged misconduct to the State of California. *Id.* at 226. The First Amended Complaint, however, contains no facts whatsoever to support any finding that Plaintiff, a Florida resident, was harmed in California.

Rather, Plaintiff merely alleges that AmeriHome's convenience fees "occur in and emanate from California." Am. Compl., ¶ 43. Plaintiff's only allegations in support of such a conclusion are that, *upon information and belief,* AmeriHome and its executives somehow implemented the convenience fees from California, that AmeriHome issued all disclosures concerning the charging of convenience fees from California, that AmeriHome uses computer systems and other-payment processing technology operated and controlled in California, and the convenience fees are "paid by borrowers in bank accounts that it maintains at financial institutions located in California." Am. Compl., ¶ ¶ 41-42. Conclusory allegations such as these are completely insufficient to state a cause of action. *See*, *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570.

And while conducting business in California as described by Plaintiff may be sufficient for purposes of personal jurisdiction, it is not sufficient to permit application of foreign law to the claims of non-resident plaintiffs. *Norwest,* 72 Cal.App.4th at 226 ("The fact that Norwest Mortgage is incorporated and does business in California gives California personal jurisdiction over Norwest Mortgage. However, *Shutts* specifically admonished that the existence of personal jurisdiction over the defendant does not alone permit application of the forum law to the claims of nonresident plaintiffs.")(citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985)).

Plaintiff's new allegations amount to nothing more than "AmeriHome is located in California." That is not sufficient to give Plaintiff, a Florida resident for charges

**Locke Lord LLP**
**101 Montgomery Street, Suite 1950**
**San Francisco, CA 94104**

related to her Florida mortgage, standing to assert claims based on California law. Because the Rosenthal Act and the UCL do not apply to non-residents, and Plaintiff's Amended Complaint still fails to allege any injury in California, Plaintiff's first and second causes of action must fail against AmeriHome.

**B. Plaintiff has not stated a claim under the Rosenthal Act.**

Plaintiff's first cause of action claims that the convenience fees she chose to pay in order to use AmeriHome's optional telephonic payment service violate the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* (the "Rosenthal Act"). Am. Compl., ¶¶ 82-95.

The Rosenthal Act was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." It was enacted in 1977, the same year that its federal counterpart, the FDCPA, was enacted. In addition to its other requirements and prohibitions, the Rosenthal Act generally requires debt collectors to comply with the provisions of the FDCPA. *See*, *Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 295. Accordingly, Plaintiff's claim under the Rosenthal Act is based on an alleged violation of the FDCPA. Specifically, Plaintiff's claim is based on the allegation that AmeriHome violated the FDCPA by offering Plaintiff the option to pay by telephone and seeking $2.00 if such a payment was made.

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). "The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless any such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of § 1692f(1). "[W]here parties have not expressly agreed on charges to be collected with respect to a debt, state law determines whether additional charges are permitted." *Riding v. CACH LLC*, 992 F. Supp. 2d 987, 997-98 (C.D. Cal. 2014) (citing *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1076 (N.D. Cal. 2004)).

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Here, when Plaintiff chose to make a payment by telephone rather than by other, cost-free methods, she entered into a separate agreement with AmeriHome whereby she would be permitted to pay by telephone, with all of the ease and immediacy that method of payment offered, rather than by other cost-free methods, in return for $2.00. There is no law that prohibits this $2.00 fee for this optional service made available purely for Plaintiff's convenience. The $2.00 fee is conditional on a customer's election to pay by telephone rather than use other available means that do not require payment of a fee. AmeriHome is not obligated to offer the convenience of telephonic payment to Plaintiff. Plaintiff is not obligated to use the telephonic method of making a payment and has other, cost-free options to make her payments. The "opt-in" nature of the telephonic payment is simply a consequential cost as a condition to using the optional method of making a mortgage payment by telephone.

Under the FDCPA, such fees may be unlawful under certain circumstances (not applicable here) and if a court determines the fee to be "incidental to the principal obligation." Cases outside of this jurisdiction have analyzed whether such a "fee…[is] incidental to the principal obligation." 15 U.S.C. § 1692f(1). In the Ninth Circuit, FDCPA violations may result from unauthorized service charges or transaction fees imposed by debt collectors. *See, e.g., Hunt v. Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1169 (N.D. Cal. 2007) ($25.00 check service charge); *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995) (same); *Clark v. Bonded Adjustment, Co.*, 176 F. Supp. 2d 1062, 1064 (E.D. Wash. 2001) (inflated process-service fee). Yet in each of these cases, the fee was imposed unilaterally and made part of the underlying amount owed. In these cases, plaintiffs did not elect to take advantage of a service that resulted in the fee they were charged. Neither attribute exists here. The convenience fee at issue was not unilaterally imposed upon Plaintiff. She agreed to pay it when she opted to use a completely optional method of making her mortgage payment. And the fee did not become part of the debt she owed – it was assessed and collected at the time she opted to use the telephonic payment system.

**Locke Lord LLP**
**101 Montgomery Street, Suite 1950**
**San Francisco, CA 94104**

The Central District of California has addressed this issue of whether optional convenience fees are "incidental" to the debt pursuant to the FDCPA. *Flores v. Collection Consultants of Calif.*, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015). In *Flores*, this District Court concluded that a convenience fee was *not* incidental to the principal obligation, and therefore not violative. *Id.*, at 10, *but see Lindblom v. Santander Consumer USA, Inc.*, 2016 WL 2841495, *7 (E.D. Cal. May 9, 2016)). In *Flores*, the Honorable David Carter explained how the decision supported the legislative intent of the statute:

> This conclusion is in line with the intentions of the statute. Section 1692f seeks to prevent unfair or unconscionable methods of collecting debt. Plaintiff has made no argument that this practice was inherently unfair or unconscionable. Indeed he conceded that "Defendant could have easily avoided the current lawsuit by refusing to accept credit cards as a payment method which would have permitted Defendant to comply with both Federal and California law." Opp'n at 16. Discouraging debt collectors from offering the additional method of payment does not further the purposes of the FDCPA, and it would seem unfair or inconvenient to many debtors to be deprived of the opportunity to pay by credit card as a result of a ban on an opt-in fee to cover costs.

*Flores*, 2015 WL 4254032 at 10. Such is the case here. AmeriHome simply offered Plaintiff the *option* to pay by telephone for a fee. Plaintiff opted to take advantage of the optional convenience and thereby incur the charge for doing so. There is nothing unlawful about this. There is no allegation that AmeriHome required Plaintiff to make her mortgage payment by telephone or that she was otherwise unable to use any of the other payment options that did not include a fee.

AmeriHome acknowledges that some district courts in other jurisdictions have found that convenience fees violate the FDCPA. *See e.g. McWhorter v. Ocwen Loan Servicing, LLC,* Case No. 2:15-cv-01831-MHH, 2017 WL 3315375, *7 (N.D. Al. Aug. 8, 2017). However, Plaintiff does not bring an FDCPA claim against

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

AmeriHome.

Moreover, AmeriHome respectfully submits that the cases like *Flores* finding that convenience fees are not inherently unlawful or unfair and not incidental to the debt are better reasoned. *See Flores*, 2015 WL 4254032, *10; *Meintzinger v. Sortis Holdings, Inc*., Case No. 18-cv-2042 (BMC), 2019 WL 1471338, *3 (E.D.N.Y. Apr. 3, 2019) ("Even if viewed as an 'additional charge' – as to which, for the reasons set forth above, I cannot see it – there is no provision of state law prohibiting either a seller or a collection company from adding a charge for the use of an online payment service, as long as the debtor knows of the charge and has the default option to avoid it by paying his bill in the usual way – by mailing in a check").

Plaintiff seeks to impose liability on AmeriHome because it provided an optional convenience service to make her mortgage payment and charging her for the optional convenience. AmeriHome was not required to offer the telephonic payment service to Plaintiff nor was she required to use it. It is simply not unfair or unconscionable for a mortgage servicer to offer an optional convenience service for a fee.

Finally, none of Plaintiff's amendments would support a finding that the convenience fees are incidental to the debt or otherwise prohibited. Plaintiff's claim under the Rosenthal Act accordingly must fail.

**C. Plaintiff's Unfair Competition Law claim fails.**

Plaintiff's Business and Professions Code §17200 ("UCL") claim is derivative of her claim that AmeriHome has violated the Rosenthal Act and the FDCPA. Am. Compl., ¶ 98. However, because Plaintiff has failed to either state a cause of action under the Rosenthal Act or even allege a cause of action under the FDCPA as explained herein, the UCL claim also fails. *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366 (2010) (no UCL claim because the pleading "does not allege the conduct is tethered to any underlying constitutional, statutory, or regulatory provision…"); *see also Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

(2001) (the viability of a UCL claim "stand[s] or fall[s] with the antecedent substantive causes of action."); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiffs' predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

**D. Plaintiff fails to state a cause of action for a violation under the FCCPA.**

The Florida Consumer Collection Practices Act, Fla. Stat. § 555.72(9) ("FCCPA") makes it unlawful to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Plaintiff's third cause of action claims that AmeriHome violated section 559.72(9) by charging and collecting the convenience fees at issue. But Plaintiff cannot maintain an FCCPA action against AmeriHome because AmeriHome is not a debt collector with regard to the convenience fees and the convenience fees themselves do not constitute a debt under the FCCPA.

As an initial matter, the FCCPA does not expressly prohibit a debt collector from charging fees for optional convenience services. *See* Fla. Stat. § 559.72(9). The convenience fees at issue, therefore, do not violate the FCCPA unless AmeriHome is a debt collector improperly seeking to enforce a debt due another when that right does not exist. *See*, *Bardak v. Ocwen Loan Servicing, LLC,* 8:19-CV-1111-24TGW, 2020 WL 5104523, at *4 (M.D. Fla. Aug. 12, 2020) ("The convenience fees at issue are not a debt owed by another. Even if they were a debt, Ocwen is not a debt collector—the debt was not in default, it originated with Ocwen, and it was not 'due another.' Thus, Plaintiff's claims are not actionable under either the FDCPA or the FCCPA and the Motion to Dismiss is due to be granted.")

The FCCPA defines a "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from, within or

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

outside this state, in any business the principal purpose of which is collector of debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another.**" Fla. Stat. § 559.55(7) (emphasis added). And the FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. §559.55(6).

The issue of convenience fees being collected in order to make a payment online or by telephone has been "heavily litigated in federal courts in both the Middle and Southern Districts of Florida." *Kelly v. Ocwen Loan Servicing, LLC*, 3:20-CV-50-J-32JRK, 2020 WL 4428470, at *2 (M.D. Fla. July 31, 2020). Courts in both districts have reached the conclusion that similar convenience fees for telephonic or online mortgage payments are not unlawful under either the FDCPA or FCCPA because the convenience fees are not a debt being collected by a debt collector.[1] *Lang v. Ocwen Loan Servicing*, 3:20-CV-81-J-20MCR, 2020 WL 5104522, at *3 (M.D. Fla. July 17, 2020) ("Speedpay is a convenience fee and is not a debt owned by another. Even if the Speedpay fee was a debt, Ocwen is not a debt collector—the debt was not in default, it originated with Ocwen, and it was not 'due another.' In total, Plaintiff's claims are not

[1] While Judge Middlebrooks in the Southern District of Florida came to the opposite conclusion regarding *FDCPA* claims in a group of nearly identical cases, he still dismissed an *FCCPA* claim by finding that a convenience fee is not a debt under the FCCPA's definition. *Booze v. Ocwen Loan Servicing, LLC*, No. 9:20-CV-80135-DMM (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim); *Fox v. Ocwen Loan Servicing, LLC*, No. 9:20-CV-80060-RLR (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim); *Fusco v. Ocwen Loan Servicing*, LLC, No. 9:20-CV-80090, 2020 WL 2519978, 2020 U.S. Dist. LEXIS 38606 (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim **but granting dismissal of FCCPA claim by finding that a convenience fee is not a debt under the FCCPA**) (emphasis added); *Glover v. Ocwen Loan Servicing, LLC*, No. 9:20-CV-80053-DMM, 2020 U.S. Dist. LEXIS 38701 (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim).

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

actionable under either the FDCPA or FCCPA."); *Turner v. PHH Mortgage Corp.*, 8:20-CV-137-T-30SPF, 2020 WL 2517927, at *3 (M.D. Fla. Feb. 24, 2020) ("So because the Court concludes PHH was collecting a fee for a separate, optional service, that the fee for such service originated with PHH, and that Turner was not in default when PHH collected the fee for the service, PHH is not a 'debt collector' under the FDCPA or FCCPA. The Court, therefore, must dismiss this action with prejudice."); *Estate of Campbell v. Ocwen Loan Servicing, LLC*, 20-CV-80057, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020) ("The Court is most persuaded by Judge Moody's well-reasoned, commonsense approach and analysis in *Turner v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020).").

AmeriHome is not a debt collector and the convenience fees are not a debt that AmeriHome is seeking to enforce. In the *Estate of Campbell v. Ocwen Loan Servicing, LLC*, the court asked and answered the same dispositive question as this Court must answer: "Is the 'convenience fee' part of the debt Defendant sought to collect? **The answer is no.**" *Campbell*, 2020 WL 5104538, at *2 (emphasis added). While AmeriHome may be considered a debt collector under the FCCPA with regard to the underlying debt owed by Plaintiff, the convenience fees – fees only collected by and paid AmeriHome at the time of a telephonic payment – are not part of or included in the underlying debt.

Further, the convenience fees are not an amount "due or owed to another." *Turner*, 2020 WL 2517927, at *2; *see also Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 895 (11th Cir. 1997) (concluding bail bondsman was not a "debt collector" because debt originated with bondsman); *Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017) (concluding original mortgagee is not subject to FDCPA because it originated the loan). The convenience fee is not referenced in Plaintiff's loan documents and is only collected by and paid to AmeriHome at the time of a telephonic payment. Am. Compl. ¶ 3; Am. Compl., Ex. A. AmeriHome, therefore, is not a debt collector with regard to the convenience fees.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Second, the convenience fees do not qualify as "debt." An optional fee for an optional service, a service not required by the underlying loan documents, is not a "debt" that Plaintiff is obligated to pay under the FCCPA. *Turner*, 2020 WL 2517927 at *2 ("Turner used PHH's optional Speedpay service to ensure same-day posting and processing of her mortgage payments. This optional service had a separate fee that originated with PHH—not Turner's mortgagee. And when Turner became obligated to pay the convenience fee, Turner was not in default in her obligation to pay it. So PHH was not operating as a debt collector under the FDCPA or FCCPA when it collected the convenience fee in exchange for its Speedpay service."). Just like the Plaintiff in *Turner*, Plaintiff was not required to make her mortgage payment by telephone and could simply have avoided paying a fee by making her payment by other means. The convenience fee was only applied so that Plaintiff could assure a same-day payment by telephone and avoid incurring late fees.[2]

Because AmeriHome is neither a debt collector nor a debt collector collecting a debt owed another, Plaintiff's First Amended Complaint should be dismissed.

**E. Plaintiff fails to state a cause of action for a violation under FDUTPA.**

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). An unfair practice has been defined as "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 499 (Fla. 4th DCA 2001) (quotation omitted). Deceptive and unfair practices also include violations of "[a]ny law, statute, rule,

---

[2] Plaintiff's First Amended Complaint explains that her mortgage requires payments on the 1st of each month and assesses late charges if the payment is not received during a 15-day grace period (Am. Compl., ¶ 56) and that each time she incurred a $2.00 fee she was making a payment at or near the end of the grace period (Am. Compl., ¶ 58).

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

Plaintiff cannot state a claim under FDUTPA because the conduct she complains of does not constitute "trade or commerce" under the statute. *See e.g., State Office of Att'y Gen. v. Shapiro v. Fishman, LLP*, 59 So. 3d 353, 355-357 (Fla. 4th DCA 2011) (debt collection does not constitute "trade or commerce" under the FDUTPA); *Benjamin v. CitiMortgage, Inc.*, Case No. 12–62291–CIV, 2013 WL 1891284, *5 (S.D. Fla. May 6, 2013) (loan servicing does not constitute "trade or commerce" under the FDUTPA). But even if it did, Plaintiff has still failed to allege any unfair or deceptive conduct on the part of AmeriHome.

There is nothing inherently unfair or unconscionable about the convenience fees charged by AmeriHome. AmeriHome has no obligation to provide expedited payment services to its customers. Instead, AmeriHome offers such services, for a fee, as a convenience to its customers who voluntarily choose to avail themselves of their benefit. Many borrowers benefit from using AmeriHome's phone payment services as they are able to avoid incurring larger late fees for making payments made outside of the mailing window. Furthermore, Plaintiff does not allege that she was forced to use the phone payment service to pay her mortgage. Nor does she allege that she did not have other free payment methods available to her (such as mailing a check, direct debit, BillPay, etc.). In fact, she could have made her mortgage payments without incurring any fees by using any of these methods. She chose to take advantage of a service offered to her – for a fee.

Indeed, as the 11th Circuit noted in a similar case involving fees charged by a bank for a convenience service:

> Baptista requested to have the check cashed immediately upon presentment to Chase, and in return, Chase requested a $6.00 fee. Baptista agreed to the fee. If Baptista had chosen to deposit the check in her own account and wait for processing, no fee would have been levied. The fee was only levied because Chase conferred an additional benefit on Baptista, that is, immediate payment of the check.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

*Baptista v. JPMorgan Chase Bank, N.A.* (11th Cir. 2011) 640 F.3d 1194, 1198

Other courts interpreting statutes similar to FDUTPA have reached the same conclusion with respect to convenience fees for phone payments. "U.S. Bank's practice of charging customers a fee for paying by phone is not unfair or deceptive under the [North Carolina] UDTPA. U.S. Bank's fee for an optional service that Waddell chose for her convenience is not plausibly deceptive (*i.e.*, capable of or tending to deceive) or unfair (*i.e.*, immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676, 685 (E.D.N.C. 2019).

The same reasoning applies here. Like the plaintiffs in *Baptista* and *Waddell*, Plaintiff requested to use AmeriHome's optional phone payment system to pay her mortgage and have her payment applied immediately, and in return, AmeriHome requested a $2.00 fee. Am. Compl. ¶¶ 57-58. This arrangement was neither unfair nor deceptive.

And with regard to Plaintiff's claim that AmeriHome "never informed" her that the actual cost of providing the convenience services was "far less than the amount charged," she fails to cite to any statute or contractual term requiring AmeriHome to disclose its internal costs or profits to her for any given transaction. Further, Plaintiff does not allege that she ever inquired of the "true cost" to AmeriHome – let alone that AmeriHome ever represented to her that it cost AmeriHome $2.00 to provide the service.

For all these reasons, Plaintiff's fourth cause of action for violation of FDUTPA must be dismissed.

**F. Plaintiff fails to state a cause of action for breach of contract.**

Finally, Plaintiff has not plausibly alleged a breach of contract claim. Plaintiff contends that in charging convenience fees, AmeriHome breached Paragraphs 9, 14, and 16 of the Mortgage. Am. Compl. ¶¶ 122-133. She further claims that in violating

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

the FCCPA and Rosenthal Act, AmeriHome also violated the Mortgage. Am. Compl. ¶¶ 131-132.

In order to state a claim for breach of contract claim under Florida law,[3] a plaintiff must allege the existence of a contract, a breach of the contract, and damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009); *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355 (M.D. Fla. 2007). When interpreting a contract under Florida law, clear and unambiguous terms must be given their plain and ordinary meaning. *Pol v. Pol*, 705 So.2d 51, 53 (Fla. 3d DCA 1997). "'[T]he actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.'" *Emergency Assocs. of Tampa, P.A. v. Sassano*, 664 So.2d 1000, 1003 (Fla. 2d DCA 1995) (citation omitted). The court looks to the "four corners of the instrument to determine the intent of the parties." *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1534 (11th Cir. 1994). Indeed, "[i]t is well settled that a court cannot rewrite the terms of a contract in an attempt to make otherwise valid contract terms more reasonable for a party or to fix an apparent improvident bargain." *Id.* Further, under Florida law, where a contract is silent as to a particular matter, "that is, its language neither expressly nor by reasonable implication indicates that the parties intended to contract with respect to the matter, the court should not, under the guise of construction, impose contractual rights and duties on the parties which they themselves omitted." *Gulf Cities Gas Corporation v. Tangelo Park Service Company*, 253 So.2d 744, 748 (Fla. 4th DCA 1971); *accord Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1345 (S.D. FL. Jan. 13, 2011) ("Countrywide had no contractual obligation to restructure or modify Silver's loan. Nor does Silver allege

---

[3] Plaintiff's Florida Mortgage is governed by Florida law. Am. Compl., Ex. A at ¶ 16 ("This Security Instrument shall be governed by federal law and the law of jurisdiction in which the Property is located.")

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

such an express contractual provision. Thus, there was no breach of contract based on these events.”).

Alternatively, Plaintiff must allege that there has been an express violation of an applicable law in order to state a cause of action for breach of contract. *See, Torliatt v. Ocwen Loan Servicing, LLC,* 19-CV-04303-WHO, 2020 WL 1904596, at *5 (N.D. Cal. Apr. 17, 2020) (“Torliatt has not adequately alleged that PHH has violated a provision expressly prohibited by “Applicable Law” such that it is in breach of the Deed of Trust. He takes the position that, if he can adequately allege that PHH violated any law, he may allege a breach of contract. But the Deed of Trust describes only fees that are “expressly prohibited.” As discussed above, it is not entirely settled whether convenience fees violate the FDCPA or the Rosenthal Act. At a minimum, Torliatt has not shown that the convenience fees are “expressly prohibited” by these statutes. Accordingly, his breach of contract claim is dismissed.”).

Here, Plaintiff’s Mortgage does not dictate *how* Plaintiff is to make her mortgage payments – nor does it specify what (if any) fees can or cannot be charged for providing telephonic payment services. The Mortgage simply does not prohibit AmeriHome from charging a fee for telephonic payments. But it does specifically say that the failure to include a specific fee “shall not be construed as a prohibition of the charging of such fee.” Am. Compl., Ex. A at ¶ 14. Thus, payment methods and fees for telephonic payments are not part of the contract formed by the Mortgage.

Paragraph 16 is nothing more than the Mortgage’s choice of law provision (Am. Compl., Ex. A at ¶ 16) and does not prohibit convenience fees. Paragraph 9 concerns the rights and obligations of the lender to secure and protect its mortgage interest in Plaintiff’s property in certain situations, such as a default on the mortgage or the abandonment of the property. *Id.* at ¶ 9. That provision has nothing to do with a mortgage servicer charging convenience fees to use an optional payment method.

Finally, Paragraph 14 allows the lender to charge Plaintiff fees in the event of her default in order to protect its security interest in the property, but does not prohibit

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

a lender or its servicer's ability to charge *other* fees for *other* reasons. *Id.* at ¶ 14. So, any convenience fee that AmeriHome assessed for payments made by telephone is not prohibited by Paragraph 14. Although Paragraph 14 also indicates that a lender may not charge "interest or other loan charges" that exceed "permitted limits" (*id.)*, convenience fees are not "interest or other loan charges." Instead they are an entirely separate charge incurred for providing and entirely separate service. *See, Meintzinger* 2019 WL 1471338 at *2 ("Nothing in the FDCPA requires the collection company to accept payments by telephone, and thus nothing prohibits it from offering to enter into a new contract with the debtor, *i.e.*, 'for $ 6, I will give you the added convenience of paying by phone.'").

In short, Plaintiff must identify the specific provision of the Mortgage which governs payments and collection of fees, and then articulate how that provision was violated when AmeriHome offered a voluntary payment option for a fee which Plaintiff elected to utilize. *See, Waddell*, 395 F. Supp. 3d at 685–86 ("The parties did not, and Waddell has not plausibly alleged that her deed of trust contains any express or implied terms that prohibit U.S. Bank from charging a service fee authorized by federal law for an optional payment method (such as pay-by-phone)."). Plaintiff does not and cannot make such a claim, as the Mortgage attached to her Amended Complaint makes clear. Indeed, if the Mortgage required AmeriHome to provide such a service free of charge, Plaintiff may have water to swim in. But in this case, where the Mortgage provides no contract terms related to forms of payments to be offered by AmeriHome, the riverbed is dry.

As for any *express* violation of an applicable law, the issue here is the same as that addressed by the Northern District earlier this year in *Torliat.* The law is not settled that convenience fees like those charged to Plaintiff constitute a violation of either the FDCPA or the Rosenthal Act. In fact, Plaintiff has not even alleged an FDCPA claim against AmeriHome and, for reasons stated herein, has not stated a

**Locke Lord LLP**
**101 Montgomery Street, Suite 1950**
**San Francisco, CA 94104**

cause of action for violations of the Rosenthal Act. Plaintiff, therefore, cannot maintain an action for breach of contract based on any express violation of law.

## IV. CONCLUSION

For all these reasons, AmeriHome respectfully requests that the Court grant its motion to dismiss Plaintiff's Amended Complaint in its entirety.

Dated: October 13, 2020

Respectfully submitted,

LOCKE LORD LLP

By: /s/ *Regina J. McClendon*
Regina J. McClendon
Thomas J. Cunningham
Attorneys for Defendant AmeriHome Mortgage Company, LLC

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104