LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

LOCKE LORD LLP
Thomas J. Cunningham (SBN 263729)
tcunningham@lockelord.com
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 687-6738
Fax: (213) 485-1200

Attorneys for Defendant
AmeriHome Mortgage Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANDRA E. LISH,

Plaintiff,

vs.

AMERIHOME MORTGAGE COMPANY, LLC,

Defendant.

CASE NO.: 2:20-cv-07147-JFW-JPR

**AMERIHOME MORTGAGE COMPANY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: November 16, 2020
Time: 1:30 p.m.
Place: Courtroom 7A
Hon. John F. Walter

Complaint Filed: August 9, 2020

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

## TABLE OF CONTENTS

I. LEGAL ARGUMENT .......... 2
  A. Lish's claims for violations of California statutes fail because her alleged injuries occurred in Florida. .......... 2
  B. The convenience fees are not incidental to the debt, and therefore, do not violate the Rosenthal Act or the UCL. .......... 3
  C. The convenience fees do not violate the FCCPA. .......... 4
  D. The convenience fees do not violate FDUTPA. .......... 6
  E. Convenience fees are not prohibited by the Mortgage. .......... 7
II. CONCLUSION .......... 8

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

i

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Lish v. AmeriHome Mortgage Company, LLC*. Case No. 2:20-cv-07147-JFW-JPR

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alhassid v. Bank of Am. N.A.*, 60 F. Supp. 3d 1302 (S.D. Fla. 2014) .......... 7

*Alvarez v. LoanCare, LLC*, 2020 WL 5514410 (S.D. Fla. August 28, 2020) .......... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3

*Badella v. Deniro Mktg. LLC*, C 10-03908 CRB, 2011 WL 5358400 (N.D. Cal. Nov. 4, 2011) .......... 3

*Bardak v. Ocwen Loan Servicing, LLC*, 8:19-CV-1111-24TGW, 2020 WL 5104523 (M.D. Fla. Aug. 12, 2020) .......... 8

*Estate of Campbell v. Ocwen Loan Servicing, LLC*, 20-CV-80057, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020) .......... 5, 8

*Cornette v. I.C. Sys. Inc.*, 280 F. Supp 1362 (S.D. Fla. 2017) .......... 7

*Elmore v. Ne. Fla. Credit Bureau, Inc.*, Case No. 3:10-cv-573-J-37JBT, 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011) .......... 4

*Kelly v. Ocwen Loan Servicing, LLC*, 3:20-CV-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020) .......... 5

*Lang v. Ocwen Loan Servicing*, 3:20-CV-81-J-20MCR, 2020 WL 5104522 (M.D. Fla. July 17, 2020) .......... 5, 8

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th (1999) 222 ,214 .......... 2

*Red v. Kraft Foods, Inc.*, CV 10-1028-GW AGRX, 2011 WL 4599833 (C.D. Cal. Sept. 29, 2011) .......... 3

*Steinberg v. Provident Funding Assocs., L.P.*, No. 15-cv-0373, 2016 WL 3361815 (N.D. Cal. June 17, 2016) .......... 7

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

ii

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Lish v. AmeriHome Mortgage Company, LLC*, Case No. 2:20-cv-07147-JFW-JPR

*Turner v. Ocwen Loan Servicing, LLC*,
No. 8:20-cv-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020) ....... 5

*Turner v. PHH Mortgage Corp.*,
8:20-CV-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020) ....... 5, 6, 8

**Statutes**

FCCPA ....... 5, 6

FDCPA ....... 3, 4, 5, 6

Rosenthal Act ....... 3, 4

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Defendant AmeriHome Mortgage Company, LLC ("AmeriHome") submits the following reply in support of its motion to dismiss the First Amended Complaint ("FAC") filed by Sandra E. Lish ("Lish")[1].

Contrary to the characterizations in Lish's opposition to AmeriHome's motion to dismiss the FAC, the telephonic payment fees at issue are not charges incidental to a debt and do not constitute debt collection. Rather, the charge for making a payment by telephone is a fee a customer voluntarily pays if he or she chooses to use the convenience service offered by AmeriHome. The fee is separate from Lish's loan because Lish controls whether she uses the service and, in exchange, agrees to pay the fee. There are many ways Lish could pay her mortgage without incurring any fee. She is not required to pay using the telephonic system AmeriHome makes available for its borrowers' convenience. She elected to take advantage of that convenience and to pay a fee for it[2].

Moreover, the Mortgage identifies the types of fees, costs, or services which are incidental to the underlying loan debt and provides direction on how those fees incidental to the loan are to be applied to the debt and repaid. The convenience fees at issue, however, are not incidental to the debt but rather are a point of service charge that is collected immediately when the service is provided and is not added to the loan debt or in any way measured by or incidental to any provision of the Note or Mortgage. Lish was not required to use the online service to pay her mortgage – nor was AmeriHome required to offer the service to her. There is simply nothing

---

[1] Lish filed her response in opposition to AmeriHome's Motion to Dismiss on October 27, 2020. (Dkt. 24.) Because it was filed after 4:00 PM on October 27, 2020, the response was effectively 2 days late pursuant to the Standing Order issued August 11, 2020. (Dkt. 8.)

[2] Lish argues in her opposition that AmeriHome is making a veiled argument under the voluntary payment doctrine. AmeriHome, however, has not advanced such an argument in its Motion to Dismiss the FAC. While the payment of the convenience fee was very much voluntary, the Motion to Dismiss argues that the voluntary nature of the payment confirms that the convenience fee was not incidental to the debt. But, AmeriHome does reserve the right to raise a defense under the voluntary payment doctrine when appropriate.

unlawful, unfair, or deceptive about a bank charging a fee to use an optional convenience service – especially where, as here, Lish had free options available to make her mortgage payment.

Lish had complete control as to how she made her payments and if she did not want to incur a fee to use the telephonic payment service, she could have paid her mortgage using any of the other available methods. Yet, being fully apprised of those options and the potential fees, she chose to take advantage of a system AmeriHome provided for her convenience – in exchange for payment of a fee to use it. Worse still, Lish, a Florida resident with a mortgage on a property in Florida, is improperly asserting causes of action under California law. Each of her claims must fail as a result.

## I. LEGAL ARGUMENT

### A. Lish's claims for violations of California statutes fail because her alleged injuries occurred in Florida.

Lish's opposition asserts that her conclusory allegations regarding AmeriHome's business practices are sufficient to allow Lish, a Florida resident, to make claims for violations of California statutes, not only on her behalf, but on behalf of a nationwide class.

In order for a non-resident to invoke a California statute, however, he or she must allege that there is a "significant contact or significant aggregation of contacts" linking its injuries or the defendant's alleged misconduct to the State of California. *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999). While Lish cites several cases in her opposition in which out-of-state parties were entitled to invoke California statutes, she does not address the deficiencies in her allegations regarding any conduct occurring in California that harmed her.

Not only does the FAC contain no facts to support any finding that Lish was harmed in California, even her claims about AmeriHome's general business practices are based merely upon information and belief. Am. Compl., ¶ ¶ 41-42.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Specifically, Lish alleges that AmeriHome's convenience fees "occur in and emanate from California." Am. Compl., ¶ 43. But, her only allegations in support of such a conclusion are that, upon information and belief, AmeriHome and its executives somehow implemented the convenience fees from California, that AmeriHome issued all disclosures concerning the charging of convenience fees from California, that AmeriHome uses computer systems and other-payment processing technology operated and controlled in California, and the convenience fees are "paid by borrowers in bank accounts that it maintains at financial institutions located in California." Am. Compl., ¶ ¶ 41-42. Conclusory allegations such as these are insufficient to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even the cases cited by Lish in her opposition make clear that the contacts between the defendant and California must be "significant" and factually supported in order to apply California statutes to non-residents. See, *Red v. Kraft Foods, Inc.*, CV 10-1028-GW AGRX, 2011 WL 4599833, at *6 (C.D. Cal. Sept. 29, 2011) (denying request to certify nationwide class where allegations were insufficient to apply California statutes to non-residents); *Badella v. Deniro Mktg., LLC*, C 10-03908 CRB, 2011 WL 5358400, at *11 (N.D. Cal. Nov. 4, 2011) (denying request to certify nationwide class where allegations that misrepresentations occurred in California were not factually supported).

Lish's unsupported allegations are simply insufficient to allow a Florida resident to enforce California statues, and her California claims should be dismissed, especially where Lish has already attempted to amend her claims to state a cause of action.

**B. The convenience fees are not incidental to the debt, and therefore, do not violate the Rosenthal Act or the UCL.**

Lish's causes of action under the Rosenthal Act and the UCL are premised on alleged violations of section 1692(f)(1) of the FDCPA because, she claims, the fees

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

are not expressly provided for in her Mortgage and are not authorized by statute. Am. Compl., ¶¶ 92, 98. Lish, however, failed to allege that she was the object of collection activity as she does not (and cannot) allege that AmeriHome ever characterized the convenience fees as part of her debt. Because the fees she paid were not part of her debt, AmeriHome was not engaging in any collection activity when Lish paid the fee to use the telephonic payment service.

Nor does she allege that AmeriHome ever demanded she use the telephonic payment service to make her mortgage payment. See *Elmore v. Ne. Fla. Credit Bureau, Inc.*, Case No. 3:10-cv-573-J-37JBT, 2011 WL 4480419, *4 (M.D. Fla. Sept. 27, 2011) (charge did not violate section 1692(f)(1) because it was not added to the total amount owed). Notwithstanding cases to the contrary, Elmore correctly found that a fee that is not added to the total amount owed (and is instead collected at the time of the transaction) cannot be collection activity. *Id.* (charge did not violate section 1692(f)(1) because it was not added to the total amount owed).

Because AmeriHome did not demand or require that Lish use the optional telephonic payment service, Lish's voluntary choice to use the payment service for her own convenience and to pay the disclosed fee associated therewith does not amount to "collection activity" on the part of AmeriHome. Lish seeks to impose liability on AmeriHome because it provided an optional convenience service to make her mortgage payment. AmeriHome was not required to offer the online payment service to Lish nor was she required to use it. It is simply not unfair or unconscionable for a mortgage servicer to offer an optional convenience service for a fee. Lish's Rosenthal Act claim, and the derivative UCL claim, should therefore be dismissed.

**C. The convenience fees do not violate the FCCPA.**

Lish's opposition fails to even address the multitude of Florida cases that have dismissed FCCPA lawsuits based on convenience fees.

As pointed out in AmeriHome's Motion to Dismiss, the issue of convenience fees being collected in order to make a payment online or by telephone has been

"heavily litigated in federal courts in both the Middle and Southern Districts of Florida." *Kelly v. Ocwen Loan Servicing, LLC*, 3:20-CV-50-J-32JRK, 2020 WL 4428470, at *2 (M.D. Fla. July 31, 2020). Courts in both districts have reached the conclusion that similar convenience fees for telephonic or online mortgage payments are not unlawful under either the FDCPA or FCCPA because the convenience fees are not a debt being collected by a debt collector. *Lang v. Ocwen Loan Servicing*, 3:20-CV-81-J-20MCR, 2020 WL 5104522, at *3 (M.D. Fla. July 17, 2020) ("Speedpay is a convenience fee and is not a debt owned by another. Even if the Speedpay fee was a debt, Ocwen is not a debt collector—the debt was not in default, it originated with Ocwen, and it was not 'due another.' In total, Plaintiff's claims are not actionable under either the FDCPA or FCCPA."); *Turner v. PHH Mortgage Corp.*, 8:20-CV-137-T-30SPF, 2020 WL 2517927, at *3 (M.D. Fla. Feb. 24, 2020) ("So because the Court concludes PHH was collecting a fee for a separate, optional service, that the fee for such service originated with PHH, and that Turner was not in default when PHH collected the fee for the service, PHH is not a 'debt collector' under the FDCPA or FCCPA. The Court, therefore, must dismiss this action with prejudice."); *Estate of Campbell v. Ocwen Loan Servicing, LLC*, 20-CV-80057, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020) ("The Court is most persuaded by Judge Moody's well-reasoned, commonsense approach and analysis in *Turner v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020).").

AmeriHome is simply not a debt collector and the convenience fees are not a debt that AmeriHome is seeking to enforce. In the *Estate of Campbell v. Ocwen Loan Servicing, LLC*, the court asked and answered the same dispositive question as this Court must answer: "Is the 'convenience fee' part of the debt Defendant sought to collect? **The answer is no.**" *Campbell*, 2020 WL 5104538, at *2 (emphasis added).

Further, the convenience fees are not an amount "due or owed to another." *Turner*, 2020 WL 2517927, at *2. The convenience fee is not referenced in Plaintiff's loan documents and is only collected by and paid to AmeriHome at the time

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

5
REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Lish v. AmeriHome Mortgage Company, LLC*, Case No. 2:20-cv-07147-JFW-JPR

of a telephonic payment. Am. Compl. ¶ 3; Am. Compl., Ex. A. AmeriHome, therefore, is not a debt collector with regard to the convenience fees.

Second, the convenience fees do not qualify as "debt." An optional fee for an optional service, a service not required by the underlying loan documents, is not a "debt" that Plaintiff is obligated to pay under the FCCPA. *Turner*, 2020 WL 2517927 at *2 ("Turner used PHH's optional Speedpay service to ensure same-day posting and processing of her mortgage payments. This optional service had a separate fee that originated with PHH—not Turner's mortgagee. And when Turner became obligated to pay the convenience fee, Turner was not in default in her obligation to pay it. So PHH was not operating as a debt collector under the FDCPA or FCCPA when it collected the convenience fee in exchange for its Speedpay service."). Just like the Plaintiff in *Turner*, Plaintiff was not required to make her mortgage payment by telephone and could simply have avoided paying a fee by making her payment by other means. The convenience fee was only applied so that Plaintiff could assure a same-day payment by telephone and avoid incurring late fees.

Because AmeriHome is neither a debt collector nor a debt collector collecting a debt owed another under Florida law, the FCCPA claim should be dismissed.

**D. The convenience fees do not violate FDUTPA.**

Lish urges this Court to find that charging convenience fees to collect a mortgage payment is an exception to the general rule that loan servicing or debt collection is not considered "trade or commerce" under FDUTPA. She contends that her FDUTPA claim is permitted based on allegations that charging a convenience fee is a service that is separate from loan servicing or that AmeriHome is collecting debts not legitimately owed.

First, Lish's claim is premised entirely on AmeriHome's receipt of mortgage payments – a core function of loan servicing. She does not allege that AmeriHome advertised, solicited, provided, offered, distributed, sold, or rented, any

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

good or service. Thus, Lish's allegations concern loan servicing conduct that does not constitute trade or commerce – even if she alleges misconduct in connection with loan servicing.

While Lish cites to a single case in which a court found that a plausible FDUTPA claim was alleged based on convenience fees (*Alvarez v. LoanCare, LLC*, 2020 WL 5514410 (S.D. Fla. August 28, 2020)), even the additional cases cited by Lish confirm that FDUTPA only applies to loan servicers where fees were charged for services unrelated to loan servicing or where a fee was charged that a loan servicer was not entitled to collect. For example, in *Alhassid*, the plaintiff alleged that the defendant placed loans in default and then used the "default" status to impose force-placed insurance, accelerate the loan, charge for services never performed, and foreclose. *Alhassid v. Bank of Am. N.A.*, 60 F. Supp. 3d 1302, 1308-1309 (S.D. Fla. 2014). While the court recognized that FDUTPA does not apply to loan collection activities even if those activities were improper, the FDUTPA claim survived dismissal because "certain of the unauthorized activities complained of" came within FDUTPA's scope – specifically, billing the plaintiff for **services never performed.** *Id.* at 1324.

Multiple courts have found that it was charging for services not actually performed that was critical to the holding in *Alhassid*. *See, e.g., Cornette v. I.C. Sys. Inc.*, 280 F. Supp 1362, 1374 (S.D. Fla. 2017) (declining to apply *Alhassid); Steinberg v. Provident Funding Assocs., L.P.*, No. 15-cv-0373, 2016 WL 3361815 (N.D. Cal. June 17, 2016) (same). Unlike *Alhassid* and similar to *Cornette* and *Steinberg*, Lish admits her mortgage is legitimate and owed and concedes that the service she paid for was requested by her and performed for her benefit. Her FDUTPA claim, therefore, fails.

**E. Convenience fees are not prohibited by the Mortgage.**

With regard to her breach of contract claim, Lish's opposition argues that AmeriHome cannot charge a fee to use its pay-by-phone service because no such fees

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

are provided for in the Mortgage and the fees violate Florida law – specifically the FCCPA and FDUTPA. The Mortgage, however, states that the "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." Am. Compl., Ex. A, ¶14. Just as the Northern District found in Torliatt, it is far from settled that convenience fees are expressly prohibited under Florida law. In fact, multiple courts have recently found that they are not prohibited at all and have dismissed similar actions. See, *Bardak v. Ocwen Loan Servicing, LLC, 8:19-CV-1111-24TGW, 2020 WL 5104523, at *4 (M.D. Fla. Aug. 12, 2020)*; *Lang v. Ocwen Loan Servicing*, 3:20-CV-81-J-20MCR, 2020 WL 5104522, at *3 (M.D. Fla. July 17, 2020); *Turner v. PHH Mortgage Corp*., 8:20-CV-137-T-30SPF, 2020 WL 2517927, at *3 (M.D. Fla. Feb. 24, 2020); *Estate of Campbell v. Ocwen Loan Servicing, LLC*, 20-CV-80057, 2020 WL 5104538, at *2 (S.D. Fla. Apr. 30, 2020); *Turner v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020).

And the fees are certainly not prohibited by the Mortgage itself. Lish's Mortgage does not dictate how Lish is to make her mortgage payments – nor does it specify what (if any) fees can or cannot be charged for providing telephonic payment services. The Mortgage simply does not prohibit AmeriHome from charging a fee for telephonic payments. But it does specifically say that the failure to include a specific fee "shall not be construed as a prohibition of the charging of such fee." Am. Compl., Ex. A at ¶ 14. Thus, payment methods and fees for telephonic payments are not part of the contract formed by the Mortgage, let alone expressly prohibited.

## II. CONCLUSION

For all these reasons, AmeriHome respectfully requests that this Court grant its motion to dismiss the FAC in its entirety.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

Dated: November 2, 2020

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Regina J. McClendon*

Regina J. McClendon
Thomas J. Cunningham
Attorneys for Defendant AmeriHome Mortgage Company, LLC

**Locke Lord LLP**
**101 Montgomery Street, Suite 1950**
**San Francisco, CA 94104**